UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SABRINA PEARSON-KOGER,

          Plaintiff,

     v.                                  1:20-CV-543
                                              (FJS/ATB)

M.L. ZAGER, P.C.,

          Defendant.

---

APPEARANCES                             OF COUNSEL

BARSHAY SANDERS, PLLC          CRAIG B. SANDERS, ESQ.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Attorneys for Plaintiff

BARRON & NEWBURGER, P.C.        ARTHUR SANDERS, ESQ.
30 South Main Street
New City, New York 10956
Attorneys for Defendant

SCULLIN, Senior Judge

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

This action arises out of a $2,069.68 debt that Plaintiff owed to Glens Falls Hospital for

medical services rendered to her.  *See* Dkt. No. 12 at ¶¶ 21-22, 28.  Glens Falls Hospital assigned

or transferred the debt to Defendant, which is a professional corporation engaged in the business

of debt collection.  *See id.* at ¶¶ 8-13, 26.  On September 19, 2018, Defendant sent Plaintiff a

letter seeking to collect the $2,069.68 debt; and, on July 15, 2019, it commenced an action in the

Supreme Court of New York, Warren County, seeking to collect the debt from her.  *See id.* at

¶¶ 27-28.  On August 7, 2019, in response to Defendant's summons and complaint in the state-

court action, Plaintiff paid Defendant the $2,069.68; however, on September 20, 2019, the state

court entered a default judgment against her, of which Defendant advised her by letter on

January 22, 2020.  *See id.* at ¶¶ 29, 31.  Subsequently, on March 11, 2020, Defendant again sent

Plaintiff a letter seeking to collect the debt.  *See id.* at ¶ 35.  As a result, Plaintiff filed a

Complaint on May 14, 2020, *see* Dkt. No. 1, and subsequently filed an Amended Complaint on

August 25, 2020, *see* Dkt. No. 12.  In her Amended Complaint, Plaintiff asserts the following

five causes of action against Defendant:

> (1) Violation of the Fair Debt Collection Practices Act, 15 U.S.C.
>     §§ 1692e, 1692e(2)(A), and 1692e(10), for asserting in the
>     March 11, 2020 letter that she owes $837.69;
>
> (2) Violation of the Fair Debt Collection Practices Act, 15 U.S.C.
>     §§ 1692e, 1692e(2)(A), and 1692e(10), for asserting in the
>     March 11, 2020 letter that she owes a debt to Glens Falls
>     Hospital;
>
> (3) Violation of the Fair Debt Collection Practices Act, 15 U.S.C.
>     § 1629f, for requesting that the state court enter default
>     judgment against her when it knew she had paid her debt;
>
> (4) Violation of the Fair Debt Collection Practices Act, 15 U.S.C.
>     § 1629f, for causing a restraining notice to be served upon her
>     bank to collect the debt; and
>
> (5) Violation of New York General Business Law § 349 for
>     breaching its duty to her to collect her debt with reasonable
>     care.

*See* Dkt. No. 12 at ¶¶ 41-114.

On July 30, 2020, Defendant filed a motion to dismiss Plaintiff's Complaint, pursuant to

Rule 12(b)(1) of the Federal Rules of Civil Procedure, which has since been rendered moot by

Plaintiff's filing of her Amended Complaint.  *See* Dkt. Nos. 10, 12.  In turn, on September 8,

2020, Defendant filed a motion to dismiss Plaintiff's Amended Complaint, pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 14.  Both motions to dismiss are

pending before the Court.


## II. DISCUSSION

**A.  Standard of review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal when the court

lacks statutory or constitutional power to hear the case before it.  *See Al-Mashni v. Berryhill*, No.

3:17-CV-1221 (LEK/DEP), 2018 WL 1324949, *1 (N.D.N.Y. Mar. 13, 2018) (quoting

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1))).

When considering a Rule 12(b)(1) motion to dismiss, courts are required to accept all of the

plaintiff's material factual allegations as true and draw all reasonable inferences in her favor.  *See*

*id.* (citing *Buday v. N.Y. Yankees P'ship*, 486 Fed. Appx. 894, 896 (2d Cir. 2012)).  With that

said, it is still the plaintiff who bears the burden of demonstrating, by a preponderance of the

evidence, that the court has subject matter jurisdiction over the case.  *See id.* (citing *Garanti*

*Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*, 697 F.3d 59, 65 (2d Cir. 2012)) (other

citation omitted).  In deciding if it has subject matter jurisdiction, a court is permitted to consider

materials outside of the pleadings, such as affidavits, so long as it does not rely on conclusory or

hearsay statements therein.  *See id.* (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107,

110 (2d Cir. 2004)).

**B.  Defendant's motion to dismiss**

 *1.  Defendant's motion to dismiss Plaintiff's original Complaint*

  As an initial matter, since Defendant's motion to dismiss Plaintiff's original Complaint is still pending, *see* Dkt. No. 10, and Plaintiff's Amended Complaint supersedes her original Complaint, the Court denies Defendant's first motion to dismiss, *see* Dkt. No. 10, as moot.  *See Pettaway v. Nat'l Recovery Solutions, LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020) (holding that "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint").

 *2.  Application of the* **Rooker-Feldman** *doctrine*

  In its motion to dismiss Plaintiff's Amended Complaint, Defendant asserts that the *Rooker-Feldman* doctrine bars the Court from hearing any of Plaintiff's claims because they all either (1) require the Court to find that she does not owe Glens Falls Hospital a debt, which requires the Court to reverse the state court, or (2) are "inextricably intertwined" with the state court's decision.

  Under the *Rooker-Feldman* doctrine, federal courts are prohibited "from exercising jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Sykes v. Mel S. Harris and Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).  To satisfy the *Rooker-Feldman* doctrine, a

defendant must demonstrate that (1) the federal-court plaintiff lost in the earlier state-court action, (2) the plaintiff complains of injuries that the state-court judgment has caused, (3) the plaintiff is inviting the district court to review and reject the state-court judgment, and (4) the state court rendered its judgment before the plaintiff commenced the district court proceedings. *See id.* (quoting *Hoblock [v. Albany Cnty. Bd. of Elections]*, 422 F.3d [77,] 85 [(2d Cir. 2005)] (internal quotation marks and modifications omitted)).  As for the second requirement, causation is only met where "'the third party's actions are produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it.'"  *Id.* (quoting [*Hoblock*, 422 F.3d] at 88). On the flip side, *Rooker-Feldman* does not apply to "claims sounding under the FDCPA, RICO, and state law" because such claims "speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments."  *Id.* at 94-95.

It is undisputed that Plaintiff lost the earlier state-court action and that the state court rendered its judgment prior to Plaintiff commencing this action.  *See* Dkt. No. 17 at 11.  Thus, Defendant has satisfied the first and fourth requirements of the *Rooker-Feldman* doctrine as to all of Plaintiff's causes of action.

With regard to the second and third requirements, Defendant has satisfied them as to Plaintiff's first, second, and fourth causes of action, but not her third and fifth causes of action.

### a.   *Plaintiff's First, Second and Fourth Causes of Action*

Plaintiff's first cause of action alleges that Defendant's March 11, 2020 letter attempting to collect Plaintiff's debt violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) because its

assertion that she owed $837.69 when she did not owe any money was a false, deceptive, and

misleading representation of, and in relation to the collection of, her debt.  *See* Dkt. No. 12 at

¶¶ 41-64.  Similarly, Plaintiff's second cause of action alleges violations of the same FDCPA

sections based upon Defendant's assertion in its March 11, 2020 letter that she owed a debt to

Glens Falls Hospital when she did not owe Glens Falls Hospital any money, which made it a

false, deceptive, and misleading representation of, and in relation to the collection of, her debt.

*See id.* at ¶¶ 65-89.  These two claims satisfy the second *Rooker-Feldman* requirement because,

after the state court entered default judgment against Plaintiff on September 20, 2019, Defendant

sent the letter asserting that, by virtue of the state-court judgment, Plaintiff owed Glens Falls

Hospital a debt.  *See* Dkt. No. 12 at ¶¶ 31, 35.  Therefore, since Defendant was seeking to

enforce a debt which the state-court judgment reflected as being valid, Plaintiff is complaining of

an injury that the state court caused by entering judgment.  *See Glens Falls Hospital v. Pearson-*
*Koger*, No. EF2019-66986, Dkt. No. 4. (N.Y. Sup. Ct. 2019).

Furthermore, Defendant has satisfied the third *Rooker-Feldman* requirement.  As

Defendant argues, for the Court to find in favor of Plaintiff on her first two claims, it would have

to find that Plaintiff did not in fact owe a debt to Glens Falls Hospital when Defendant sent the

March 11, 2020 letter.  However, the validity of the debt that Defendant was seeking to enforce

in the letter was reflected in the state court's September 20, 2019 judgment, regardless of the

methods by which Defendant obtained such judgment.  *See Glens Falls Hospital v. Pearson-*
*Koger*, No. EF2019-66986, Dkt. No. 4. (N.Y. Sup. Ct. 2019).  As such, Plaintiff's first two

causes of action would require the Court to consider the merits of, and potentially reverse, the

- 6 -

underlying state court judgment.[1]  Therefore, Defendant has satisfied the *Rooker-Feldman*

doctrine as to Plaintiff's first and second causes of action; and the Court grants Defendant's

motion to dismiss as to those claims.  *See Bradley v. Selip & Stylianou, LLP*, No. 17-CV-6224-

FPG, 2018 WL 4958964, *6 (W.D.N.Y. Oct. 15, 2018) (holding that the plaintiff's FDCPA claim

was barred under the *Rooker-Feldman* doctrine where she alleged that the "[d]efendants'

attempts to collect on the [default] judgment [we]re unlawful solely because the debt on which

that judgment [was] based [was] invalid and unenforceable against her" (collecting cases));

*Quiroz v. U.S. Bank Nat'l Ass'n*, No. 10-CV-2485 (KAM) (JMA), 2011 WL 2471733, *6

(E.D.N.Y. May 16, 2011) (stating that "any FDCPA claim based on the falsity of the debt is

barred by *Rooker-Feldman* because it would be inextricably intertwined with [the state-court

decision], which held that [the defendant] had a valid right to collect the debt" (citation

omitted)).

    Additionally, Plaintiff's fourth cause of action alleges that, after the state court entered

judgment, Defendant used unfair and unconscionable means to collect her debt, in violation of 15

U.S.C. § 1692f, by serving a restraining notice upon her banking institution.  *See* Dkt. No. 12 at

¶¶ 96-102.  Defendant has also satisfied the second and third requirements of the doctrine as to

this cause of action for the same reasons as Plaintiff's first and second causes of action because

the only way Defendant's means of collecting the debt would be unfair and unconscionable is if

the Court finds that she did not owe the debt, which the state court deemed valid.  Accordingly,

---

[1] Although Plaintiff allegedly paid the entirety of her debt prior to entry of default judgment, *see* Dkt. No. 12 at ¶ 29, and Defendant allegedly obtained the default judgment by filing a fraudulent affidavit, *see id.* at ¶ 34, that is an issue for Plaintiff to take up with the state court because it is not this Court's province to reverse state-court judgments.

Defendant has satisfied the *Rooker-Feldman* doctrine with regard to Plaintiff's fourth cause of action; and the Court grants Defendant's motion to dismiss as to that claim.

### b.   *Plaintiff's Third and Fifth Causes of Action*

Plaintiff's third cause of action alleges that Defendant violated 15 U.S.C. § 1692f by requesting that the state court enter a default judgment against her when it knew she had already paid the debt. *See* Dkt. No. 12 at ¶¶ 90-95. Additionally, Plaintiff's fifth cause of action alleges that Defendant violated New York General Business Law ("G.B.L.") § 349 because it used deceptive practices to collect the debt from her, which constitutes a breach of its duty to collect a debt with reasonable care. *See id.* at ¶¶ 103-114. In sum, Plaintiff's claims rely on the allegation that Defendant filed a false affidavit of merit to obtain the default judgment in state court, which forms an independent basis for claims under both the FDCPA and GBL § 349. *See Guzman v. Mel S. Harris and Assocs., LLC*, No. 16 Civ. 3499 (GBD), 2018 WL 1665252, \*9-\*10 (S.D.N.Y. Mar. 22, 2018) (stating that "'[f]alse affidavits of merit . . . provide independent bases for liability for claims' brought under the FDCPA and GBL § 349" (quoting *Sykes v. Mel S. Harris and Assocs. LLC*, 780 F.3d 70, 86 (2d Cir. 2015))). Thus, Plaintiff is seeking to recover damages that Defendant caused by filing the allegedly false affidavit to obtain default judgment, which occurred before the state-court judgment; and, thus the state-court judgment did not cause her injuries. Indeed, as stated above, "claims sounding under the FDCPA . . . and state law speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments." *Sykes*, 780 F.3d at 94-95. As such, Defendant has not satisfied the second *Rooker-Feldman* requirement. *See Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 92 (2d Cir. 2012) (summary order) (holding that the plaintiff's

FDCPA claim was not barred under *Rooker-Feldman* because he did "not complain of injuries *caused* by the state court judgment;" rather, "[t]he alleged litigation misconduct" about which the plaintiff complained "was 'simply ratified, acquiesced in, or left unpunished by [the state court judgment]'").

Additionally, Defendant has not satisfied the third *Rooker-Feldman* requirement for Plaintiff's third and fifth causes of action because Plaintiff is not seeking to reverse the state-court judgment; rather, she is seeking to recover damages for Defendant's allegedly fraudulent conduct that ultimately resulted in the state-court judgment.  *See Toohey v. Portfolio Recovery Assocs., LLC*, No. 15-cv-8098 (GBD), 2016 WL 4473016, *1, *4 (S.D.N.Y. Aug. 22, 2016) (holding that *Rooker-Feldman* did not bar the plaintiff's FDCA claims based upon the defendant's conduct of obtaining default judgments in state court by filing "false, deceptive and misleading affidavits of merit" because she was not seeking to undo the state-court judgment; rather, she was merely seeking to obtain damages for the defendant's independent wrongful conduct).[2]  As a result, Defendant has not satisfied the *Rooker-Feldman* doctrine for Plaintiff's third and fifth causes of action.

Moreover, to the extent that Defendant argues that Plaintiff's third and fifth causes of action are "inextricably intertwined" with the state-court judgment, that argument fails, as the Second Circuit explained after *Exxon Mobil* that the "inextricably intertwined" language that the

---

[2] *See also Carroll v. U.S. Equities Corp.*, No. 1:18-CV-667 (TJM/CFH), 2019 WL 4643786, *4 (N.D.N.Y. Sept. 24, 2019) (emphasizing that the plaintiff was not seeking to have the state-court judgment reversed by stating that, "'[a]lthough [the claims in this action] may deny a legal conclusion of the [Kingston City Court] – namely, that Defendants are legally entitled to recover on the . . . debt, . . . [t]his action, in which Plaintiff primarily seeks money damages, would continue even if the state-court judgment were vacated'" (quoting *Mascoll v. Strumpf*, No. 05-CV-667 (SLT), 2006 WL 2795175, at *8 (E.D.N.Y. Sept. 26, 2006))).

Court previously used has no independent meaning and was merely a descriptive phrase meant to represent the *Rooker-Feldman* doctrine's requirements. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 86-87 (2d Cir. 2005); *see also Mascoll v. Strumpf*, No. 05-CV-677 (SLT), 2006 WL 2795175, *3 (E.D.N.Y. Sept. 26, 2006) (noting that the Supreme Court abrogated *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002), the case from which the "inextricably intertwined" rule derived, in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).  In other words, for Plaintiff's claims to be deemed "inextricably intertwined" with the state-court judgment, Defendant must satisfy the four *Rooker-Feldman* requirements, which it has not done.

As a result, the Court denies Defendant's motion to dismiss as to Plaintiff's third and fifth causes of action.

**C.  Plaintiff's request for leave to amend her Amended Complaint**

Plaintiff requests that the Court grant her leave to amend her Amended Complaint to include an additional claim against Defendant for violating 15 U.S.C. § 1692i by bringing the state-court action in the wrong judicial district.  In relevant part, 15 U.S.C. § 1692i(a) states that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . (2) . . . bring such action only in the judicial district or similar legal entity -- (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692i(a)(2).

Plaintiff resides in Washington County, New York, and Defendant initiated the state court action in Warren County, New York.  *See* Dkt. No. 12 at ¶¶ 5, 28.  Therefore, the claim

Plaintiff seeks to add is that, by filing the state-court action in Warren County when she resides in Washington County, Defendant violated § 1692i(a)(2).  However, as Defendant argues, Plaintiff's claim ignores the other option Defendant had under § 1692i(a)(2), which is to bring the state-court action in the judicial district in which Plaintiff signed the contract sued upon.

The alleged debt for which Defendant sued Plaintiff was a debt Plaintiff owed Glens Falls Hospital.  *See* Dkt. No. 12 at ¶ 21.  Glens Falls Hospital is located in Warren County, and Plaintiff presumably entered the contract for medical services from Glens Falls Hospital at the hospital.  Therefore, it was proper for Defendant to file suit against Plaintiff in Warren County. To the extent that Plaintiff relies on *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117 (2d Cir 2011), and *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 112 F. Supp. 3d 160 (S.D.N.Y. 2015), those cases are inapt because those courts explicitly noted that the parties in those cases did not raise the issue of where the contract sued upon was signed.  *See Hess*, 637 F.3d at 120; *Samms*, 112 F. Supp. 3d at 165 n.2.  Accordingly, since Defendant properly brought the state-court action in Warren County, the Court denies Plaintiff's request for leave to amend her Amended Complaint to add a claim under 15 U.S.C. § 1692i because such claim would be futile.

### III. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's original Complaint, *see* Dkt. No. 10, is **DENIED** as moot; and the Court further

**ORDERS** that Defendant's motion to dismiss Plaintiff's Amended Complaint, *see* Dkt. No. 14, is **GRANTED** with regard to Plaintiff's Count One and Count Two, brought pursuant to 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), and Count Four, brought pursuant to 15 U.S.C. § 1629f, for causing a restraining notice to be served upon her bank, and those claims are hereby **DISMISSED**; and the Court further

**ORDERS** that Defendant's motion to dismiss Plaintiff's Amended Complaint, *see* Dkt. No. 14 is **DENIED** with regard to Plaintiff's Count Three, brought pursuant to 15 U.S.C. § 1629f, for requesting that the state court enter default judgment against her, and Count Five, brought pursuant to New York General Business Law § 349; and the Court further

**ORDERS** that Plaintiff's request for leave to amend her Amended Complaint to add a claim under 15 U.S.C. § 1692i is **DENIED** as futile; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Baxter for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: August 24, 2021
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge